UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FORTINO BARRERA-MENDOZA,<br><br>Petitioner,<br>v.<br><br>JULIO HERNANDEZ et al.,<br><br>Respondents. | CASE NO. 2:26-cv-03280-DGE<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) |

The Court GRANTS Petitioner Fortino Barrera-Mendoza's petition (Dkt. No. 1) for writ of habeas corpus.

Petitioner, a native and citizen of Mexico, entered the United States when he was three years old. (*Id.* at 8.) He is now 40 years of age, married, and has four children, all of whom are United States citizens. (*Id.*) Petitioner owns his own construction business, and supports his family by working in the construction industry and as a mechanic. (*Id.*)

Petitioner was initially placed in removal proceedings in 2010. (*See* Dkt. No. 6 at 2.) On September 29, 2010, an immigration judge ("IJ") granted Petitioner's bond request and released

him on $2,500 bond. (Dkt. No. 1-3 at 30.) On July 30, 2012, an IJ administratively closed Petitioner's removal proceeding. (Dkt. No. 7-1.) It appears Petitioner has been granted work authorization continuously since 2010. (Dkt. No. 1-4 at 6–7.) On June 29, 2026, Petitioner was detained while picking up supplies at Home Depot and transferred to the Northwest ICE Processing Center, where he remains. (Dkt. Nos. 1 at 2, 8; 6 at 2.)

On September 2, 2026, Petitioner appeared for a bond hearing. (Dkt. No. 1-5.) Petitioner submitted more than 140 pages of documents in support of his bond request, including letters of support from his community, copies of tax returns, Petitioner's high school transcripts, a declaration from his sponsor, copies of his children's birth certificates, and tax payment receipts. (Dkt. No. 1-2.) Despite this evidence, IJ Tammy Fitting denied Petitioner's request for release on bond by finding Petitioner a flight risk. (Dkt. No. 1-5.) IJ Fitting stated the basis for her ruling:

> Well, he's been waiting a long time for his [individual merits] hearing, and we have a date now set, I'm concerned that he's trying to get out of custody and avoid that. It would be years before he would have a hearing on that in the future. In this case, I don't, I don't find he is a danger, but I am concerned about flight risk. So I will, I'm going to deny bond and find he is a flight risk.

(Dkt. No. 1-6 at 7:26–8:20.) On September 14, 2026, Petitioner filed an appeal with the Board of Immigration Appeals ("BIA"), which remains pending. (Dkt. No. 6 at 3.)

Respondents do not challenge any of the facts alleged in the petition or any of the evidence Petitioner has submitted. (*See* Dkt. No. 5.) Nor do they defend the argument that IJ Fitting abused her discretion and violated due process in finding Petitioner a flight risk. (*Id.*) Respondents oppose the petition solely on the basis that Petitioner has not exhausted administrative remedies before filing the present petition. (*Id.* at 2.)

The issues presented in this case are familiar; the allegations and the evidence identify that IJ fitting failed to provide any meaningful rationale for her decision and otherwise failed to consider the evidence presented at the bond hearing. *See Barragan Jimenez v. Hernandez et al.*, Case No. 2:26-cv-02992-DGE, 2026 WL 2859168 at *2 (W.D. Wash. Sept. 23, 2026) (collecting cases involving various immigration judges failing to engage the evidence presented at a bond hearing). For the reasons identified in prior decisions from this Court, *see id.*, the Court finds it has jurisdiction to review the present petition and waives any prudential exhaustion requirement.

The Court also finds the bond hearing in this case was constitutionally deficient. IJ Fitting's rationale for denying a bond might be considered comical if it were not for the seriousness of the issues involved and the real impact on Petitioner's liberty and on the lives of his immediate family, including four United States citizen children. IJ Fitting made no attempt whatsoever to identify or apply agency precedent to the evidence presented in evaluating Petitioner's eligibility for bond.[1] Moreover, that precedent does not identify the scheduling of an individual merits hearing as a factor for evaluating flight risk. *See Matter of Guerra*, 24 I. & N. 37, 40 (BIA 2006); *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 805 (BIA 2020).

IJ Fitting abused her discretion by failing to apply the *Guerra* factors to the evidence presented at the bond hearing and violated due process in doing so. *See Barragan Jimenez* (collecting cases).

Based on the foregoing, the Court GRANTS Petitioner's petition for writ of habeas corpus (Dkt. No. 1), and further ORDERS:

[1] The government attorney at the bond hearing fared no better. (*See* Dkt. No. 1-6 at 5:57–6:08) ("We would ask that the Court not allow bond since his [individual merits] hearing is just in a few weeks and any relief would be speculative. So that we would suggest there would be a risk of flight risk.").

1. Respondents and all their officers, agents, attorneys, and persons acting on their behalf or in concert with them SHALL release Petitioner from custody within **ONE (1) DAY** of this Order.
2. Petitioner SHALL NOT be re-detained, absent urgent circumstances or a clear legal basis for detention, without first providing pre-deprivation notice and an opportunity to be heard in front of an immigration judge.
3. Respondents shall return to Petitioner any personal property, including personal identification documents (other than a passport) and employment authorization documents (EADs).
4. Within TWENTY-FOUR (24) HOURS of this Order, Respondents SHALL provide the Court with a declaration confirming Petitioner has been released from custody and SHALL file a copy of the conditions of supervision.
5. Petitioner seeks an award of fees. (Dkt. No. 1 at 24.) Petitioner is GRANTED leave to file a motion for attorney fees. The motion for fees shall identify the legal authority supporting an award of fees and shall be filed no later than **December 30, 2026.**[2]

Dated this 30th day of September, 2026.

David G. Estudillo
United States District Judge

[2] In a previous matter, Respondents have requested, and the Court granted, a motion to stay the enforcement of any award of attorney fees pending the Supreme Court's decision in *Palacios v. Liggins*, No. 25-1223. *See Douangdala v. Bondi*, Case No. 2:26-cv-00963-DGE, 2026 WL 2516555 (W.D. Wash. Aug. 26, 2026).